**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM F. T. LINCOLN,**

     **Plaintiff,**

**vs.**                               **Case No. 4:13cv74-MW/CAS**

**FLORIDA GAS TRANSMISSION CO., LLC,
et al.,**

     **Defendants.**

_____/

**O R D E R**

Plaintiff, proceeding *pro se*, filed a complaint against eleven named Defendants

and other John Doe Defendants.  Doc. 1.  Included within the complaint is an

emergency petition for a preliminary injunction in which Plaintiff seeks to "suspend the

operation of the new Phase VIII Expansion pipeline until" certain violations are

remedied.  *Id.* at 2.  Plaintiff paid the filing fee at the time of case initiation.  Doc. 1.

Because Plaintiff is not incarcerated and paid the filing fee, the Court is not

required to perform a frivolity review before directing service.  Nevertheless, it would be

a waste of resources to serve this complaint as filed.  Plaintiff will be required to file an

amended complaint to correct the obvious deficiencies with the complaint as explained

below.

Plaintiff's complaint is not on court forms. Rule 5.1 provides that no civil action commenced by pro se litigants under 28 U.S.C. §§ 1331 or 1346, "shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Forms for filing a complaint are available from the Clerk's Office and are provided without charge. The Clerk of Court will be directed to provide Plaintiff with a complaint form and Plaintiff must use that form to submit an "amended complaint."

Another reason to require an amended complaint is the fact that Plaintiff has not consistently used numbered paragraphs, he does not list any address for any named Defendant and fails to specifically identify each Defendant in Section II. Plaintiff suggests there is a conspiracy "to divert the new pipeline siting path with an object to avoid the established pipeline route," doc. 1 at 7, but he fails to provide facts supporting a claim for conspiracy or identifying which of the numerous Defendants are involved. Plaintiff must do more than assert legal conclusions, Plaintiff must provide the facts which would support the conclusion he asserts.

Plaintiff alleges violations of federal law, but he fails to specifically identify the law which he claims has been violated. *See* doc. 1 at 8. Plaintiff alleges a large span of time in which allegedly "fraudulent drawings and data" were transmitted. *Id.* at 9. Plaintiff must be more specific in stating the facts and when the actions took place. Claims concerning events from 2007 may be time-barred, although it is unknown at this point because Plaintiff fails to specifically allege which federal laws have been violated,

identify the specific way in which the law was violated, and identify the specific

Defendant responsible for the violation.[1]

Additionally, a complaint must be filed separately from a petition for an

injunction.  A complaint sets forth the facts of the case, and should not be combined

with motions or other documents.

Pursuant to Fed. R. Civ. P. 8(a), a pleading need only contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P.

8(a)(2), *quoted in* Dura Pharmaceuticals, Inc. V. Broudo, 544 U.S. 336, 125 S.Ct. 1627,

1634, 171 L.Ed.2d 577 (2005).  Thus, the allegations of a complaint should give a

defendant "fair notice of what the plaintiff's claim is and the grounds upon which it

rests."  *Id.* at 1634, *quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d

80 (1957).  A lengthy recitations of details is unnecessary at this stage of litigation,

although Plaintiff's complaint must provide sufficient information so that a Defendant

can know what he or she is alleged to have done, and respond to those allegations.

Here, Plaintiff's complaint does not comply with Rule 8, does not provide sufficient

notice to the Defendants, fails to specifically allege how each named Defendant has

violated the law and participated in the alleged conspiracy.  Plaintiff will be required to

submit an amended complaint.

Plaintiff is also advised that when pleading such matters as fraud or mistake, he

"must state with particularity the circumstances constituting fraud or mistake.  Malice,

---

[1] Although Plaintiff cites to several regulations such as 49 C.F.R. § 192.317, 49 C.F.R. § 192.14, 49 C.F.R. § 192.903, 49 C.F.R. § 192.917, 49 C.F.R. § 192.325, he fails to specify what each of those regulations require and how a particular named Defendant violated the regulation.

Case No. 4:13cv74-MW/CAS

intent, knowledge, and other conditions of a person's mind may be alleged generally."

FED. R. CIV. P. 9(b). Thus, to properly allege a conspiracy to defraud, doc. 1 at 17,

Plaintiff must provide specific facts in support of that claim and identify the particular

Defendant for whom those facts are alleged. Similarly for a RICO claim, Plaintiff must

allege the predicate acts with specificity. Plaintiff cannot rest his complaint on broad

and conclusory allegations that unspecified Defendants "wilfully conspired through a

pattern of criminal activity . . . ." Doc. 1 at-17.

In amending, Plaintiff should carefully review the foregoing to determine whether

he can present allegations sufficient to state a cause of action under the relevant law. If

Plaintiff is able to file an amended complaint, he must name as Defendants only those

persons who are responsible for the alleged violations. Plaintiff must place their names

in the style of the case on the first page of the civil rights complaint form and in the

other appropriate sections of the form, and he must provide addresses for each named

Defendant. Further, Plaintiff should clearly state the factual allegations which support

the legal conclusions of the complaint. Plaintiff cannot simply plead "the bare"

elements of [a] cause of action" but must provide facts which present a "plausible claim

for relief" to survive a motion to dismiss. *See* Randall v. Scott, 610 F.3d 553, 556-57

(11th Cir. 2010), *citing* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173

L.Ed.2d 868 (2009). Plaintiff must allege the facts which support the claim raised

against each Defendant as legal conclusions of law are insufficient. Plaintiff must set

forth each allegation in a short, separately numbered paragraph, as it is essential that

the facts relating to each Defendant be set out clearly and in detail.

To amend the complaint, Plaintiff must completely fill out a new complaint form, marking it "Amended Complaint." The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints and they are disregarded. N.D. Fla. Loc. R. 15.1. The amended complaint filed with the Court must contain Plaintiff's original signature, but Plaintiff shall also keep an identical copy for himself. Plaintiff shall not file service copies until instructed to do so by the Court.

Accordingly, it is hereby

**ORDERED:**

1. The Clerk of Court provide Plaintiff with a civil rights complaint form to be used in filing actions under 28 U.S.C. § 1331 which Plaintiff must use in submitting an amended complaint.

2. Plaintiff shall have until **March 25, 2013**, to submit an amended complaint as instructed above.

3. **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

4. The Clerk of Court shall return this file upon the filing of an amended complaint or no later than Monday, March 25, 2013.

**DONE AND ORDERED** on February 22, 2013.

**S/    Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**