IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIAM F. T. LINCOLN,**

    **Plaintiff,**

v.                                      CASE NO. 4:13-cv-74-MW/CAS

**FLORIDA GAS TRANSMISSION
CO., et al.,**

    **Defendants.**

_____/

**ORDER ON SECOND
<u>REPORT AND RECOMMENDATION</u>**

Plaintiff sues Defendants for what he perceives to be dangers created by two natural gas pipelines which border his property.  He does not allege a pipeline rupture, leak or similar failure.  Instead, Plaintiff alleges that the pipelines amount to a "ticking time bomb" and he finds himself living "within a <u>Zone of Extreme Death Risk</u>."  ECF No. 36.  He sues Defendants for intentional infliction of emotional distress and negligence.

The case is before this Court on the magistrate judge's second report and Recommendation, ECF No.57, objections, ECF No. 58, as well as Defendants'

1

responses to Plaintiff's objections, ECF Nos. 59 & 60.  This Court has reviewed *de novo* the issues raised in the objections.

Plaintiff's third amended complaint, ECF No. 36, suffers from a host of infirmities – a number of which are addressed in the magistrate's second report and recommendation.  The second report and recommendation is correct and is adopted as this Court's opinion.  This order further elaborates.

As for intentional infliction of emotional distress, whether complained of conduct is so atrocious and utterly intolerable as to state a claim is a question of law.  Construing the facts as pled in the light most favorable to Plaintiff, Plaintiff fails to state a claim for intentional infliction of emotional distress against any of the Defendants.

As for negligence, to the extent Plaintiff seeks damages for pain and suffering, such claims are barred by the Impact Rule.  To the extent Plaintiff claims some diminution in the value of his property, Plaintiff's claims fail because he has failed to plead any facts giving rise to a duty.  Plaintiff's "zone of risk" analysis simply has no application in the context of a claim for the diminution in the value of property.

For these reasons and those set out in the second report and

recommendation,

IT IS ORDERED:

The second report and recommendation, ECF No. 57, is accepted and adopted, over Plaintiff's objections, as this Court's opinion.  Defendants' motions to dismiss, ECF Nos. 43 & 44, are **GRANTED**.  The Clerk must enter judgment stating, "The third amended complaint is dismissed."  The Clerk shall close the file.

**SO ORDERED on July 7, 2014.**

<u>s/Mark E. Walker</u>
**United States District Judge**
